[Cite as *State v. Pence*, 2012-Ohio-1794.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  2-11-18

    v.

MICHAEL E. PENCE, JR.,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2011 CR 89

**Judgment Affirmed**

**Date of Decision:   April 23, 2012**

APPEARANCES:

    *Gerald F. Siesel*  **for Appellant**

    *Edwin A. Pierce*  **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Michael E. Pence, Jr. (hereinafter "Pence"), appeals the Auglaize County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On May 5, 2011, the Auglaize County Grand Jury indicted Pence on 12 counts, including: Counts One, Two, Three, and Ten of rape, violations of R.C. 2907.02(A)(1)(b), (B) and first degree felonies; and Counts Four, Five, Six, Seven, Eight, Nine, Eleven, and Twelve of gross sexual imposition, violations of R.C. 2907.05(A)(4) and third degree felonies. (Doc. No. 1).

{¶3} On May 13, 2011, Pence entered pleas of not guilty to all counts in the indictment. (Doc. No. 21).

{¶4} On July 15, 2011, a change of plea hearing was held. (July 18, 2011 JE, Doc. No. 38). In accordance with the parties' written plea agreement, Pence withdrew his previously tendered pleas of not guilty and entered pleas of guilty to Counts Four and Five of gross sexual imposition, third degree felonies, and an amended Count Eleven of attempted gross sexual imposition in violation of R.C. 2907.05(A)(4) and 2923.02, a fourth degree felony. (*Id.*); (Doc. No. 37); (July 15, 2011 Tr. at 3-4). The State asked for leave to dismiss Counts One, Two, Three, Four, Seven, Eight, Nine, Ten, and Twelve of the indictment, which the trial court granted. (July 18, 2011 JE, Doc. No. 38). The trial court accepted Pence's change

of plea and entered a finding of guilt. (*Id*.). Thereafter, the trial court immediately sentenced Pence to five years imprisonment on Count Four, five years imprisonment on Count Five, and 18 months imprisonment on amended Count Eleven. (*Id*.). The trial court further ordered that the terms imposed in Counts Four, Five, and Eleven be served consecutively to each other for an aggregate sentence of ten years and eighteen months (11½ years). (*Id*.).

{¶5} On August 17, 2011, Pence filed a notice of appeal. (Doc. No. 56). Pence now appeals, raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT'S SENTENCE OF THE DEFENDANT-APPELLANT TO A MAXIMUM CONSECUTIVE SENTENCES [SIC] TOTALLING [SIC] ELEVEN AND ONE-HALF (11½) YEARS WAS CONTRARY TO LAW AND FURTHER CONSTITUTED AN ABUSE OF DISCRETION IN FAILING TO PROPERLY CONSIDER AND APPLY THE FELONY SENTENCING GUIDELINES SET FORTH IN OHIO REVISED CODE, SECTION 2929.11 AND 2929.12[.]**

{¶6} In his sole assignment of error, Pence argues that the trial court failed to consider R.C. 2929.11 and R.C. 2929.12 when it sentenced him to maximum terms of imprisonment. Specifically, Pence argues that the trial court is required to do more than merely recite that it considered the statutory guidelines in its judgment entry; rather, the record should affirmatively indicate that the trial court actually considered the sentencing statutes. Pence also argues that the trial court

abused its discretion by sentencing him to the maximum terms of imprisonment in light of his expressed remorse, his relatively minor criminal record, and the victim's conciliatory attitude toward him at the sentencing hearing.

{¶7} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.[1] *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C)); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835, 745 N.E.2d 1111 (12th Dist.

---

[1] This Court notes that the Ohio Supreme Court has released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Although this Court utilized our precedential clear and convincing standard, affirmed and adopted by *Kalish*'s three dissenting Justices, we would have concluded that Pence's sentence was proper under the *Kalish* plurality's two-step approach as well.

2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400, 754 N.E.2d 1252 (2001).

**{¶8}** Pence was convicted of two counts of gross sexual imposition, violations of R.C. 2907.05(A)(4) and third degree felonies; and one count of attempted gross sexual imposition in violation of R.C. 2907.05(A)(4) and 2923.02, a fourth degree felony. (July 18, 2011 JE, Doc. No. 38). At the time of Pence's sentencing, R.C. 2929.14(A)(3) provided that "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." R.C. 2929.14(A)(4) provided that "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Consequently, the trial court's sentence of five years on each of Pence's two gross sexual imposition convictions, and the trial court's sentence of eighteen months on Pence's attempted gross sexual imposition, a fourth degree felony, were within the statutory guidelines. Therefore, Pence's sentence was not contrary to law.

**{¶9}** We must also reject Pence's argument that the trial court was required to analyze the factors in R.C. 2929.12 upon the record at the sentencing hearing.

"Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Although a trial court must still consider the overall purposes of sentencing as set forth in R.C. 2929.11 and the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12 when sentencing an offender, it is not required to use specific language regarding its consideration of the seriousness and recidivism factors. *State v. Smith*, 3d Dist. No. 2-06-37, 2007-Ohio-3129, ¶ 26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. *See also State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria. *Smith* at ¶ 26, citing *State v. Polick*, 101 Ohio App.3d 428, 431, 655 N.E.2d 820 (4th Dist. 1995).

{¶10} Here the trial court specifically noted in its judgment entry of sentence that it had considered R.C. 2929.11 and 2929.12. (July 18, 2011 JE, Doc. No. 38). The record also reflects that the trial court considered the sentencing statutes when it sentenced Pence. The trial court was aware of the ages of the victims. (July 15, 2011 Tr. at 4, 16, 26); (R.C. 2929.12(B)(1)). The trial court was aware of the emotional and psychological effect upon one of the victims; namely,

that the child suffered from depression and suicidal ideation. (July 15, 2011 Tr. at 28); (R.C. 2929.12(B)(2)). The trial court also expressed doubt about whether Pence was truly remorseful. (July 15, 2011 Tr. at 47); (R.C. 2929.12(D)(5), (E)(5)). Finally, the record indicates that Pence had previously been convicted of domestic violence at least twice. (July 15, 2011 Tr. at 41-45); (R.C. 2929.12(E)(2)). Consequently, we cannot conclude that the trial court failed to consider R.C. 2929.11 and 2929.12 as Pence argues.

{¶11} Finally, Pence has failed to clearly and convincingly demonstrate that his sentence was *un*supported by the record or that there was *not* a sufficient basis for the imposition of a prison term. *Ramos*, 2007-Ohio-767, at ¶ 23. Pence argues that he expressed remorse, had a relatively minor criminal record, and the victim's had a conciliatory attitude toward him at the sentencing hearing. These arguments lack merit. As mentioned previously, the trial court questioned whether Pence was genuinely remorseful for his conduct. (July 15, 2011 Tr. at 47). Notably, when questioned by law enforcement about the second victim, Pence asked, "[w]hat could it hurt? Young girls, finger penetration." (*Id.* at 26). Although he had a relatively minor criminal record, Pence was originally indicted with three counts of rape each carrying a mandatory life sentence. (Doc. No. 1); R.C. 2907.02(A)(1)(b), (B). After his change of plea, Pence's sentence was reduced to a total of 11½ years for his multiple criminal acts occurring over a

three-year period and involving two different female victims—including one who suffered severe psychological harm. (Doc. Nos. 33, 38). The victim who suffered from depression and suicidal ideations asked that Pence be sentenced to the maximum. (July 15, 2011 Tr. at 26-28). The other victim requested that Pence register as a sexual offender for life but that the trial court not sentence Pence to life imprisonment. (State's Ex. 1). In light of the foregoing, Pence has failed to clearly and convincingly demonstrate that his sentence was unsupported by the record herein, or that there was *not* a sufficient basis for the imposition of a prison term. *Ramos*, 2007-Ohio-767, at ¶ 23.

{¶12} Pence's assignment of error is, therefore, overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J., concurs.**

**/jlr**

**WILLAMOWSKI, J., Concurring Separately.**

{¶14} I concur fully with the judgment of the majority, however write separately to emphasize the appropriate standards of review. The standard of

review for sentences was set forth in the plurality opinion of *Kalish*, supra. In *Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellants must meet a clearly and convincingly contrary to law standard of review when reviewing a sentence.[2] For example, if the sentencing court imposed consecutive sentences, the standard of review would be whether appellant has shown that the sentence was clearly and convincingly contrary to law. However, if the appeal is based upon alleged improper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[3]

{¶15} In his assignment of error, Pence alleges that the trial court erred by failing to properly consider and apply the felony sentencing guidelines set forth in R.C. 2929.11 and 2929.12. Pence's appeal of his felony sentence challenges both the consideration of the factors in R.C. 2929.11 and 2929.12 and the application of the factors in R.C. 2929.12. As stated by the majority, Pence has not shown by clear and convincing evidence that the trial court failed to consider the statutory factors. In addition, the trial court specifically addressed the factors set forth in R.C. 2929.12. The trial court's application of the factors was supported by some

---

[2] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.

[3] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.

competent, credible evidence. Thus, the trial court's determinations were not an abuse of discretion. For this reason, I concur in the judgment of the majority.