[Cite as *State v. McKenzie*, 2012-Ohio-6117.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,              CASE NO.  15-12-07

     v.

KELLY M. MCKENZIE,               O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Van Wert County Common Pleas Court
Trial Court No. CR12-02-026

**Judgment Affirmed**

Date of Decision:   December 26, 2012


APPEARANCES:

    *Kelly J. Rauch*  for Appellant

    *Eva J. Yarger*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Kelly McKenzie, appeals the Van Wert County Court of Common Pleas' sentence of 54 months imprisonment following her guilty plea to one count of trafficking in heroin, one count of aggravated trafficking in drugs, and one count of trafficking in counterfeit substances. McKenzie argues the trial court failed to make specific findings before imposing the consecutive sentences and that her sentence does not comport with the principles and purposes of felony sentencing. For the following reasons, we affirm.

{¶2} The present case stems from a series of drug transactions that occurred in August and September of 2011. On February 3, 2012, the Van Wert County Grand Jury issued a secret indictment for McKenzie, charging her with one count of trafficking in heroin in violation of R.C. 2925.03(A)(1)(C)(6)(b), a felony of the fourth degree, one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(1)(b), a felony of the third degree, one count of trafficking in counterfeit controlled substances in violation of R.C. 2925.37(B)(H), a felony of the fourth degree, and one count of possession of heroin in violation of R.C. 2925.11(A)(C)(6)(c), a felony of the third degree. (Doc. No. 1).

{¶3} On February 7, 2012, the trial court arraigned the defendant. (Doc. No. 6). McKenzie pled not guilty to the charges. (*Id.*).

{¶4} On March 14, 2012, the trial court held a change of plea hearing. (Tr. at 11). The State dismissed the possession of heroin charge and reduced the aggravated trafficking in drugs charge to a felony of the fourth degree from a felony of the third degree. (*Id*. at 21). McKenzie pled guilty to the charges. (*Id*. at 20); (Doc. No. 18).

{¶5} On April 25, 2012, the trial court held a sentencing hearing. (Tr. at 23). The trial court sentenced McKenzie to 18 months imprisonment for each charge to be served consecutively, resulting in 54 months imprisonment. (*Id*. at 27). The trial court filed its judgment entry on April 27, 2012. (Doc. No. 22).

{¶6} On May 24, 2012, McKenzie filed a notice of appeal. McKenzie now raises two assignments of error for our review. We elect to combine McKenzie's assignments of error for the purposes of our discussion.

### Assignment of Error No. I

**The trial court erred in failing to make specific findings of fact in order to justify imposing consecutive sentences as required by Ohio Revised Code Section 2929.14(C)(4).**

### Assignment of Error No. II

**The trial court's sentence does not comport with the principles and purposes of felony sentencing according to sections 2929.11, 2929.12 and 2929.14 of the Ohio Revised Code.**

{¶7} In her assignments of error, McKenzie contends that her sentence is contrary to law. In her first assignment of error, McKenzie argues the trial court

failed to make specific findings of fact before imposing consecutive sentences as required by R.C. 2929.14(C)(4). In her second assignment of error, McKenzie argues the trial court failed to follow the purposes of felony sentencing provided in R.C. 2929.11 and 2929.12.

{¶8} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to

ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶9} Pursuant to R.C. 2929.14(A)(4), "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fifteen, sixteen, seventeen, or eighteen months." Here, the trial court sentenced McKenzie to 18 months on each count, which is within the statutory range. The trial court also determined that McKenzie should serve each of the 18 month prison terms consecutively.

{¶10} The revisions to the felony sentencing statues under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Although H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence. *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶ 57. The First District Court of Appeals has explained:

The consecutive-sentence findings required by R.C. 2929.14(C) are not the same as those required by former R.C. 2929.19(B)(2), which

> provided that the trial court "shall impose a sentence and shall make a finding that *gives its reasons* for selecting the sentence * * * (c) If it imposes consecutive sentences." (Emphasis added.) *See State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 14-16. In 2003, the Ohio Supreme Court held that the requirement that a trial court give its reasons for selecting consecutive sentences was "separate and distinct from the duty to make the findings," and it imposed an obligation on the trial courts to articulate the reasons supporting their findings at the sentencing hearing. *Id*. at ¶ 19-20, 794 N.E.2d 473. The trial court's obligation to "give its reasons" is now gone from the sentencing statutes. Gone with it, we hold, is the requirement that the trial court articulate and justify its findings at the sentencing hearing.

*State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 18. The Courts of Appeals for the Fifth, Ninth, Eleventh, and Twelfth Districts have likewise held that while H.B. 86 reinserted language in R.C. 2929.14 requiring a trial court to make certain findings before imposing a consecutive sentence, it removed language requiring a trial court to give its reasons for selecting the sentence. *See State v. Nowlin*, 5th Dist. No. CT2012-0015, 2012-Ohio-4923, ¶ 71; *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094, ¶ 49; *Frasca*, at ¶ 57;

*State v. Smith*, 12th Dist. No. CA-2012-01-004, 2012-Ohio-4523, ¶ 34. The trial court is not required to recite any "magic" or talismanic" words when imposing consecutive sentences, as long as it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶ 12.

{¶11} Additionally, the trial court must consider the purposes and principals for felony sentencing set forth in R.C. 2929.11 and the factors relating to the seriousness of the offense and the recidivism of the offender pursuant to R.C. 2929.12. *State v. Pence*, 3d Dist. No. 2-11-18, 2012-Ohio-1794, ¶ 7. The purposes and principles for felony sentencing provided in R.C. 2929.11 are "to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Hites*, 2012-Ohio-1892, at ¶ 8. R.C. 2929.12(D) further requires the sentencing court to consider factors that indicate the offender is likely to commit future crimes, including, in pertinent part, that:

 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the

Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

* * *

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

* * *

**{¶12}** In the present case, the trial court made the findings R.C. 2929.14(C)(4) requires. At the sentencing hearing, the trial court stated that a consecutive sentence was required:

[i]t being necessary to protect the public from future crime, or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

the danger the offender poses to the public, and the offender's criminal history and criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Apr. 25, 2012 Tr. at 26-27). The trial court further stated:

The Court notes for the record that it has fully considered the information contained in the presentence investigation report * * * the Court finds that the defendant has previously been convicted of a felony offense. The Court further finds that the offender is not amenable to community control, and that prison is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.

(*Id*. at 28). The trial court thus found that McKenzie's criminal history required the imposition of consecutive sentences, that her sentence was not disproportionate to the seriousness of her offense, and that it was necessary to protect the public. The trial court also explicitly stated that it had considered the purposes and principles of sentencing. The trial court recorded its findings in its judgment entry. (Doc. No. 22).

{¶13} A review of McKenzie's presentence investigation report ("PSI") further supports the trial court's sentence and demonstrates that the trial court engaged in the required analysis. McKenzie has committed numerous prior

offenses, including one count of aggravated trafficking, one count of forgery, two counts of trafficking in marijuana, two counts of trafficking in crack cocaine, one count of possession of heroin, one count of possession of vicodin, and one count of theft. (PSI). McKenzie was previously sentenced to probation, counseling, and other forms of substance abuse treatment, but repeatedly violated her probation with positive drug screens and additional drug charges. (*Id*.). McKenzie also failed to comply with her counseling. (*Id*.). Furthermore, McKenzie has served previous prison sentences and committed the current offenses while on probation with the Van Wert Municipal Court. (*Id*.). McKenzie thus has demonstrated a pattern of drug abuse that is related to the present offenses, has refused to comply with treatment, committed the offenses while on probation, and has not been amenable to lesser sanctions. After reviewing the record, we cannot find that McKenzie's sentence is contrary to law as she contends.

{¶14} McKenzie's first and second assignments of error are, therefore, overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**