[Cite as *State v. Hill*, 2013-Ohio-3873.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 7-12-11

    v.

MICHAEL D. HILL, JR.,                O P I N I O N

    DEFENDANT-APPELANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 11CR0034

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: September 9, 2013

APPEARANCES:

    *Joanna M. Orth* for Appellant

    *John H. Hanna* for Appellee

**SHAW, J.**

{**¶1**} Defendant-appellant, Michael D. Hill, Jr. ("Hill"), appeals the February 8, 2012 judgment of the Henry County Court of Common Pleas overruling his pre-sentence motion to withdraw his guilty plea. Hill also appeals the June 14, 2012 judgment of the same court sentencing him to a prison term of eighty months.

{**¶2**} This appeal arises from the trial court consolidating three separate cases and handling them together during the trial court proceedings.

{**¶3**} On November 14, 2011, pursuant to a negotiated plea agreement and after a Crim.R. 11 colloquy conducted by the trial court, Hill pleaded guilty to seven counts of forgery and one count of possession of marijuana. All eight charges are felonies of the fifth degree. In exchange for Hill pleading guilty, the prosecution dismissed the remaining thirteen counts listed in the indictments. The matter was set for sentencing on January 4, 2012.

{**¶4**} On January 4, 2012, Hill appeared for sentencing in open court with trial counsel. At this time, Hill requested leave to file a pre-sentence motion to withdraw his guilty plea. The trial court inquired of Hill as to his basis for withdrawing his guilty plea and ordered the parties to file briefs on the issue.

{**¶5**} On February 8, 2012, the trial court overruled Hill's motion to withdraw his guilty plea.

{¶6} On June 12, 2012, the trial court sentenced Hill to serve a prison term of ten months on each of the eight counts, to be served consecutively for a total prison term of eighty months.

{¶7} Hill subsequently filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**DEFENDANT/APPELLANT'S SENTENCE SHOULD BE VACATED AS THE COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.**

### ASSIGNMENT OF ERROR NO. II

**DEFENDANT/APPELLANT'S SENTENCE SHOULD BE VACATED AS IT IS EXCESSIVE, UNREASONABLE AND CONTRARY TO LAW.**

*First Assignment of Error*

{¶8} In his first assignment of error, Hill claims that the trial court erred when it overruled his pre-sentence motion to withdraw his guilty plea.

{¶9} Rule 32.1 of the Ohio Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a motion to withdraw a guilty plea that is filed prior to sentencing will

be freely allowed. *State v. Drake*, 73 Ohio App.3d 640, (1991); *State v. Thomas*, 3d Dist. No. 1–08–36, 2008–Ohio–6067, ¶ 6.

{¶10} However, this does not mean that a motion to withdraw a guilty plea will be granted automatically. *Drake*, at 645. "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie*, 62 Ohio St .3d 521, at paragraph one of the syllabus (1992). It is within the sound discretion of the trial court to determine whether there is a legitimate and reasonable basis for the withdrawal of a guilty plea and, absent an abuse of discretion, the trial court's decision on the matter must be affirmed. *Id*. at 527. An abuse of discretion is more than an error of judgment; it implies that the decision was "unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶11} Ohio Appellate Courts consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable;

(7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. No. 1–10–10, 2010–Ohio–4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (2001).

{¶12} As previously discussed, Hill entered his guilty plea on November 14, 2011. At that time, the trial court accepted Hill's guilty plea and set the matter for sentencing on January 4, 2012. The record indicates that on November 23, 2011, Hill's girlfriend gave birth to his first child. When Hill appeared for sentencing on January 4, 2012, he explained the following as the basis for withdrawing his guilty plea:

> **Trial court: \* \* \* Mr. Hill, obviously, as you understand that in any court, that we schedule certain things, whether it's a trial or sentencing, that these are important dates that we tend to want to abide by those and stick to those and yet, there is obviously a very important aspect of this that when one enters a plea to a felony charge, which is a pretty serious matter, that they do so knowingly and they do so voluntarily and that for me to simply go along and say let's start this whole process over again, you might understand, I need to know why it is that you had that, for lack of a better term, change of heart. Could you elaborate on that for me?**
>
> **Hill: Like [defense counsel] said, a lot of decision on why I made the plea at the time was so I could see my son born. I don't have no kids, this is my first.**
>
> **Court: Okay.**

**Hill: Also, I've been thinking, I've admitted to some of the things that I've done, some of them I haven't, I don't want to, I have a son to think about now, I don't want to plead guilty to something that I didn't do, understandably some of it I did and I'm willing to take responsibility for that but the ones that I didn't, I don't want that on my record. I've got enough on there as it is and I didn't do it so I want to proceed to trial on some of that stuff, on that stuff.**

**Trial Court: Okay. So, that I understand your reasons, the day you entered your plea, you did so that you would, in effect, still be around for when your child was going to be born?**

**Hill: Correct.**

**Trial Court: That we were set to go to trial was it a due date?**

**Hill: That was the due date.**

**Defense Counsel: It was the actual day of birth as well.**

**Hill: Yes.**

**Trial Court: Okay, which was?**

**Hill: November 23rd.**

**Trial Court: Okay, but as far as the representation, [Defense Counsel], what he's done for you, remember I asked you that day, are you satisfied with his services and you're still satisfied with that?**

**Hill: Yes, I believe he is.**

**Trial Court: And you understood what took place that day?**

**Hill: Yes.**

**Trial Court: But you felt pressured to from the aspect of wanting to see your child born?**

**Hill: Right.**

(Jan. 4, 2012 Tr. at 3-5).

{¶13} In a subsequent brief supporting his motion to withdraw his guilty plea, Hill stated that he felt "pressured" to enter his guilty plea because his girlfriend was pregnant and expecting a child on the same day his trial was scheduled. As an additional basis for his motion, Hill cited his concern regarding how his son would one day perceive him if he pleaded guilty to the charges. Notably, nothing in Hill's brief supported his contention at the hearing that he did not commit some of the charges to which he pleaded guilty.

{¶14} In the judgment entry overruling Hill's motion, the trial court stated the following:

> **After reviewing the file and the transcripts in this matter the Court very carefully considered the Defendant's claims of defenses to some of the charges and how he felt pressured into entering a plea on November 14, 2011. The Defendant in this case was given a full and careful explanation of his rights prior to the Court accepting his plea. Further, he was adequately represented by legal counsel, who negotiated plea terms that resulted in 13 counts of the 20 count indictment to be dismissed. In fact the Defendant reaffirmed his satisfaction with his Legal Counsel. On January 4, 2012 the Court conducted a hearing on the basis of the Defendant's Motion and granted the Defendant and his Legal Counsel an opportunity to elaborate further by way of memorandum.**

**It would seem that the Defendant feels differently by virtue of his girlfriend having a baby and would like to remain with her and the child as opposed to facing the consequences of his plea which could involve some incarceration. The other possibility is that this is an attempt to further delay the consequence of his conduct. Regardless, the facts before the Court do not demonstrate more than a change of heart which * * * would not entitle the Defendant to have his Motion granted.**

(Doc. No. 42 at 3-4).

{¶15} Upon our review, we find that the conclusions of the trial court are supported by the record. Specifically, the record demonstrates that the trial court provided Hill with a sufficient Crim.R. 11 colloquy, which included the trial court informing Hill of his constitutional rights, of the nature of charges against him and of the potential maximum sentence. Moreover, at no time during the change of plea proceedings did Hill indicate that he felt "pressured" to enter a guilty plea so that he could be with his newborn son. In fact, up until Hill appeared for sentencing nearly two months after entering his guilty plea, there is no mention in the record of Hill being an expecting father.

{¶16} With regard to Hill's claim that he was innocent of the charges, there is no evidence in the record that Hill professed his innocence to the trial court at the time he entered the guilty plea. In addition, the record reflects that Hill neither requested an evidentiary hearing nor did he seek a continuance in order to find evidence to present. Other courts have held that "a defendant's claims of

innocence are not sufficient, absent any offer of evidence to support this claim, to warrant withdrawal of a plea knowingly entered." *State v. Scott,* 6th Dist. Sandusky No. S–05–035, 2006–Ohio–3875, at ¶ 13, citing *State v. Powers,* 4th Dist. Pickaway No. 03CA21, 2004–Ohio–2720, at ¶ 18; *see also State v. Striblin*, 5th Dist. Muskingham No. CT2009-0036, 2010-Ohio-1915, ¶ 18 (stating "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement").

{¶17} Moreover, the record establishes that the trial court provided Hill with an opportunity to address his arguments regarding his reasons for wanting to withdraw his guilty plea and that the trial court gave full and fair consideration of Hill's reasons. Finally, the record also demonstrates that Hill was represented by competent counsel through the entire process.

{¶18} Based on the foregoing, we find that the record supports the trial court's determination that Hill failed to meet his burden to articulate a reasonable and legitimate basis for a withdrawal of his guilty plea. Consequently, we cannot find that the trial court's decision to overrule Hill's motion to withdraw his guilty plea to be an abuse of discretion. Accordingly, Hill's first assignment of error is overruled.

*Second Assignment of Error*

{¶19} In his second assignment of error, Hill argues that the trial court's imposition of consecutive sentences is excessive and constitutes an abuse of discretion.

{¶20} Before we address the merits of Hill's second assignment of error, we *sua sponte* raise the issue of whether the trial court addressed the statutory findings contained in R.C. 2929.14(C)(4), which is a prerequisite to imposing consecutive sentences.

{¶21} Section 2953.08(G)(2) of the Revised Code governs our standard of review for felony sentencing and provides in relevant part:

> **The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a)  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b)  That the sentence is otherwise contrary to law.**

{¶22} The revisions to the felony sentencing statues under H.B. 86 now require a trial court to make specific findings as a prerequisite to imposing consecutive sentences. *See State v. Hites*, 3d Dist. Hardin No. 6–11–07, 2012–Ohio–1892, ¶ 11. Even though H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence. *See State v. McKinley*, 3rd Dist. Van Wert No. 15-12-07, 2012-Ohio-6117. Moreover, while the sentencing court is not required to use "talismanic words," it must be clear from the record that the trial court actually made the statutorily required findings. *State v. Alexander,* 1st Dist. Hamilton Nos. C-110828, C-110829 ¶ 16; *see also State v. Lebron,* 2012–Ohio–4156, ¶ 11 (8th Dist.).

{¶23} Appellate courts have held that a trial court's imposition of consecutive sentences without making the required R.C. 2929.14(C)(4) findings constitutes a sentence that is clearly and convincingly contrary to law. *See e.g., State v. Slane*, 10th Dist. Franklin No. 12AP-316, 2013-Ohio-2107 *State v. Black*, 4th Dist. Ross No. 12CA3327, 2013-Ohio-2105, ¶ 58; *State v. Esmail*, 7th Dist. Columbiana No. 11 CO 35, 2013-Ohio-2165; *State v. Upkins*, 3d Dist. Shelby No. 17-12-13, 2012-Ohio-6114, ¶ 4; *State v. Bradley*, 5th Dist. Stark No. 2012CA00011, 2012-Ohio-4787, ¶ 45.

{¶24} Section 2929.14(C)(4) of the Revised Code specifically states that:

**If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶25} Here, there is nothing in the record to indicate that the trial court made the requisite statutory findings prescribed by R.C. 2929.14(C)(4) either at the sentencing hearing or in the judgment entry of sentence. Specifically, the trial court stated the following on the record at the sentencing hearing prior to imposing a ten month prison term on each of the eight counts to run consecutive for a total stated prison term of eighty months.

> **The Court would indicate that it's reviewed at length the pre-sentence investigation and has taken into consideration the two primary purposes of felony sentencing which are to protect the public from future crime by the defendant and to punish the defendant for his conduct. The Court has also taken into consideration those factors as set forth in 2929.11 and 2929.12 of the Revised Code regarding the sentence it is about to impose.**

(Sentencing Tr. at 7-8).

{¶26} In its judgment entry of conviction and sentence, the trial court stated the following prior to imposing consecutive sentences on Hill.

> **The Court considering two (2) primary conditions for sentencing, the first being to protect the public and the second to punish the defendant for the offenses committed, and considering all of the factors set for in Ohio Revised Code Sections 2929.11 and 2929.12 and all other appropriate sentencing statutes and factors[.]**

(Doc. No. 52 at 2).

{¶27} Based upon our review, we find that there is no clear indication in the record that the trial court addressed the statutory findings in R.C. 2929.14(C)(4). Therefore, consistent with prior precedent, we conclude that the trial court's sentence is clearly and convincingly contrary to law.

{¶28} Because we have determined that Hill's sentence is contrary to law for reasons other than the one raised on appeal, Hill's second assignment of error is rendered moot and, therefore, the Court declines to address the issue. *See* App.R. 12(A)(1)(c).

{¶29} Based on the foregoing, the judgment of the Henry County Court of Common Pleas is affirmed in part and reversed in part. We further remand this matter for the limited purpose of resentencing so that the trial court may address the appropriate findings under R.C. 2929.14(C)(4).

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**