[Cite as *State v. Barney*, 2013-Ohio-4562.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 13-13-09

      v.

NATHAN S. BARNEY,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 12 CR 0177

Judgment Affirmed

Date of Decision: October 15, 2013

APPEARANCES:

    *Gene P. Murray* for Appellant

    *Derek W. DeVine* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Nathan S. Barney ("Barney") appeals the March 30, 2013, judgment entry of the Seneca County Common Pleas Court sentencing Barney to 20 years in prison following Barney's guilty pleas to four counts of Burglary in violation of R.C. 2911.12(A)(1), all felonies of the second degree, and one count of Burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree.

{¶2} On September 27, 2012, Barney was indicted in a five count indictment. Barney was charged with four counts of Burglary in violation of R.C. 2911.12(A)(1), all felonies of the second degree, for incidents occurring November 27, 2011 (Count 1), May 8, 2012 (Count 3), May 14, 2012 (Count 4), and January 17, 2012 (Count 5). (Doc. 1). Barney was also indicted for Burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, for an incident occurring May 4, 2012 (Count 2). (*Id.*)

{¶3} On October 11, 2012, Barney was arraigned and pled not guilty to the charges. (Doc. 8).

{¶4} On January 24, 2013, a change of plea hearing was held wherein Barney agreed, pursuant to a written negotiated plea agreement, to plead guilty to the charges as indicted in this case. (Docs. 15, 16). In exchange, the State agreed

not to prosecute another separate case out of Tiffin.[1] (Doc. 15) The parties did not agree on a sentencing recommendation. (*Id.*) At the hearing, the court accepted Barney's pleas and found him guilty.[2] (Doc. 16). The court then ordered a pre-sentence investigation and set the matter for a sentencing hearing. (*Id.*)

{¶5} On February 28, 2013, a sentencing hearing was held. At the sentencing hearing, the prosecutor made a statement that for a period of months the city of Tiffin was "under siege" from the series of Burglaries perpetrated by Barney. (Tr. at 2). According to the prosecutor, the Burglaries changed the lives of those victims involved, and created "fear" and "havoc" in the community. (Tr. at 5). The prosecutor then recommended consecutive sentences for a total of 28 years in prison. (Tr. at 7).

{¶6} Several people then made statements on Barney's behalf, requesting leniency. Two of Barney's friends and co-workers made statements that Barney was "a genuine, caring[,] loving, hard-working team player" and that Barney "showed nothing but respect and kindness" to the elderly residents of the Autumnwood Care Center where Barney had worked for four years. (Tr. at 17, 19). Barney's mother also made a statement, as did Barney himself. Barney concisely stated that his time in jail had allowed him "time to get clean [from his

---

[1] The handwritten notation on the written guilty plea lists this case as Tiffin PD Case #12-004377.
[2] A transcript of this plea hearing was not provided.

prescription drug addiction] and get [his] mind right." (Tr. at 22). Barney also apologized to the victims and to his family. (Tr. at 22).

{¶7} Ultimately, the court sentenced Barney to 5 years in prison on Counts 1, 3, 4, and 5, to be served consecutively to each other. (Tr. at 30). Barney was sentenced to 30 months in prison on Count 2, to be served concurrently to the other counts.[3] (*Id*.) Barney was thus sentenced to an aggregate prison term of 20 years for these five counts. (Doc. 19). An entry reflecting this was filed March 1, 2013. (Doc. 19).

{¶8} It is from this judgment that Barney appeals, asserting the following assignment of error for our review.

### ASSIGNMENT OF ERROR

**IN AN ABUSE OF ITS DISCRETION, THE TRIAL COURT REVERSIBLY ERRED BY IMPOSING FOUR (4) CONSECUTIVE FIVE (5) YEAR SENTENCES UPON THE DEFENDANT-APPELLANT, ON COUNTS ONE, THREE, FOUR AND FIVE OF THE INDICTMENT, FOR BURGLARY, UNDER O.R.C. §2911.12(A)(1), ALL BEING FELONIES OF THE SECOND DEGREE, THEREFORE IN VIOLATION OF THE PRISON TERM SENTENCING GUIDELINES OF O.R.C. §2929.11(A), (B), AND O.R.C § 2929.12(B), (C), (D), (E), AND ALSO IN VIOLATION OF THE CONSECUTIVE PRISON TERM SENTENCING GUIDELINES OF O.R.C. §2929.41(A) AND §2929.14(C). FURTHERMORE, THE SENTENCING JUDGMENT ENTRY INDICATED A TOTAL STATED PRISON TERM OF TWENTY (20) YEARS, WHEN IN FACT, THERE WAS NO SUCH 'STATED' PRISON TERM IN THE**

---

[3] At this sentencing hearing, Barney was also sentenced on charges stemming from other cases. As there are no arguments before this court relating to those charges or the sentences, we do not further address them to prevent confusion on the charges and convictions pertaining to this case.

**TRANSCRIPT OF THE SENTENCING HEARING, THEREBY RESULTING IN REVERSIBLE ERROR.**

**{¶9}** In his assignment of error, Barney argues that the trial court erred by imposing consecutive sentences on Barney. Specifically, Barney contends that the consecutive sentences were not supported by the purpose of the felony sentencing factors in R.C. 2929.11, and R.C. 2929.12. In addition, Barney argues that the trial court erred by not specifically stating Barney's aggregate prison term on the record at the sentencing hearing.

**{¶10}** "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law." *State v. Upkins*, 3d Dist. Shelby No. 17-13-02, 2013-Ohio-3986, ¶ 8, citing *State v. Ramos,* 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court should not, however, substitute its judgment for that of the trial court

because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins,* 3d Dist. Auglaize No. 2–04–08, 2004–Ohio–4809, ¶ 16, quoting *State v. Jones,* 93 Ohio St.3d 391, 400 (2001).

**{¶11}** At the outset, we note that R.C. 2929.14(C)(4) requires a trial court to make specific findings before imposing consecutive sentences on an offender. While the trial court is required to make the specific findings, it is not required to list its reasoning for making the findings. *State v. Hill*, 3d Dist. No. 7-12-11, 2013-Ohio-3873, ¶ 22. Specifically, with respect to the issues raised in this case R.C. 2929.14(C)(4) states, in relevant part:

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **\* \* \***
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶12} In this case, Barney was convicted of a series of Burglary offenses he committed from November of 2011 to May of 2012. At the sentencing hearing, the trial court stated the following with regard to consecutive sentences:

**The court has considered the principals and purposes of felony sentencing under Ohio Revised Code Section 2929.11 and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.**

**\* \* \***

**Because of the different degrees of felonies, the Court has considered the factors and presumptions under Revised Code Section 2929.13 (B), (C), and (D) as it relates to each of these charges, convictions.**

**\* \* \***

**In case No. 177 the Court finds that the consecutive sentences are necessary to protect the public from future crime or to punish this defendant, and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public.**

**The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the defendant's conduct.**

(Tr. at 24).[4]

---

[4] The language and the statutes cited by the trial court at the sentencing hearing were reflected in the sentencing entry as well. (Doc. 19).

{¶13} The court thus stated that it had considered the applicable statutes and directly cited the language of R.C. 2929.14(C)(4)(b) at the sentencing hearing. In addition, the court also stated the following on the record:

> **Backing[5] [sic] into a car is, motor vehicles, bad. Breaking into a garage is bad. Breaking into an unoccupied structure of some sort, bad. Breaking into someone's home – terrible. Horrible.**
>
> **\* \* \***
>
> **Homes have been broken into. Items stolen. Peoples['] lives changed.**

(Tr. at 27-28). Thus before the court proceeded to sentence Barney to consecutive sentences for his second degree felony Burglary offenses, the trial court not only recited the language in 2929.14(C)(4)(b), but the court also gave some reasoning to support consecutive sentences, even though it was unnecessary.

{¶14} However, Barney argues that his sentence was essentially unfair as Barney had no prior criminal history, had steady employment, and had only committed these Burglaries because of a drug addiction that Barney was working to overcome. Despite these arguments, the trial court's sentence was authorized by law, the trial court explicitly stated that it had considered the applicable statutes both at the sentencing hearing and in the judgment entry of sentencing, and the trial court was within its discretion to sentence Barney to consecutive sentences. The trial court's sentence was substantially less than the prosecutor's

---

[5] It would appear from the context here that the court meant "breaking" rather than backing.

recommended 28 year prison term, and it was considerably less than the maximum prison term allowable by law, as the court could have sentenced Barney to 8 years in prison on each of the four second degree felony Burglary offenses.

{¶15} Nevertheless, we would note that evidence in the record does support the trial court's decision to impose consecutive sentences. Barney's burglaries were carried out over a span of months—a span that the prosecutor stated "created fear and * * * havoc in [the] community." In addition, one of the victims of Barney's burglaries was an 82 year old woman who awoke during the burglary. Barney also had other felony charges pending against him for similar crimes at the time of sentencing, and the PSI characterized Barney as a "Moderate" risk to recidivate. Finally, Barney also admittedly committed these crimes to acquire funds to allow him to feed an illicit drug habit. Therefore not only was Barney's sentence not contrary to law, but there were also facts to support the consecutive sentences in the record.

{¶16} Barney makes one final argument that the trial court erred by contending that the trial court failed to state Barney's aggregate prison term on the record at the sentencing hearing. With regard to Barney's sentence at the sentencing hearing, the trial court stated the following:

> **Case No. 12CR0177, it will be the sentence of this Court that you serve a stated prison term of five years at the Ohio Department of Rehabilitations and Corrections on Count One, a stated prison term of 30 months at the Ohio Department of**

> **Rehabilitation and Correction on Count Two, a stated prison team [sic] of five years on Count Three, a stated prison term of five years on Count Four, a stated prison term of five years on Count Five.**
>
> **The Sentences for Counts One, Three, Four and Five will be served consecutively to each other. The sentence in Count Two shall be served currently [sic].**

(Tr. at 30-31).

{¶17} While it is true that the trial court never explicitly stated the aggregate prison term on the record at the sentencing hearing, the trial court did plainly order the five year prison sentences for Counts 1, 3, 4, and 5 to be served consecutively. Moreover, after stating the length of the sentences but before the trial court concluded the hearing, the trial court asked Barney's counsel if there was anything further from the defense and counsel said that there was not, indicating no confusion. Furthermore, if Barney or his counsel was unable to add the figures from the consecutive sentences together at the sentencing hearing, the trial court's judgment entry of sentencing explicitly states that the "total stated prison term [is] Twenty (20) years." (Doc. 19). As Barney cites us to no law showing us how the trial court's omission was error and as there did not appear to be confusion about the length of the sentence at the sentencing hearing, we cannot find that the trial court erred. Accordingly, Barney's assignment of error is overruled.

**{¶18}** For the foregoing reasons, Barney's assignment of error is overruled and the judgment of the Seneca County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**