OPINION
{¶ 1} Defendant-Appellant, Benjamin L. Watkins, appeals a judgment of the Auglaize County Court of Common Pleas, finding him to be a sexual predator and sentencing him to an aggregate of sixteen years on two counts of rape. Watkins claims that the trial court's finding that he is a sexual predator was against the manifest weight of the evidence. Watkins also claims that the consecutive sentences the trial court imposed are not supported by the record and are contrary to law.
 {¶ 2} Having reviewed the entire record, we find that the trial court did not err by finding that Watkins is a sexual predator. Additionally, the record supports the trial court's determination that Watkins' sentences are to run consecutively. Accordingly, both of Watkins' assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 3} In June of 2003, Brittnay Schlueter was brought to the Joint Township District Memorial Hospital in Saint Mary's, Ohio by her father, Max Schlueter. At the time, she was nine years old. Max told the authorities that Brittnay had reported to him that her stepfather, Watkins, had been sexually abusing her for the last two years. The incidents of sexual abuse involved oral sex and digital penetration of the vagina and anus.
 {¶ 4} Accordingly, an investigation was commenced, and Watkins was interviewed by the police. Initially, Watkins denied that any kind of sexual contact had occurred between himself and Brittnay. However, Watkins eventually admitted that Brittnay's allegations were true.
 {¶ 5} The matter was submitted to the grand jury, which returned a four count indictment consisting of One Count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and Three Counts of rape in violation of R.C.2907.02(A)(1)(b), felonies of the first degree. Watkins initially entered a plea of not guilty to the charges, but after reaching a plea agreement with the State, changed his plea to guilty. According to the plea agreement, the State agreed to drop the charge of gross sexual imposition and one count of rape. The trial court accepted Watkins' change of plea and ordered a presentence investigation and a psychological evaluation. The matter was then set for a sexual offender classification hearing and sentencing.
 {¶ 6} At the sexual offender classification hearing, the trial court found that Watkins had committed a sexually oriented crime and was likely to commit another sexually oriented crime in the future. Therefore, it found him to be a sexual predator. The trial court then held the sentencing hearing and sentenced Watkins to nine years of incarceration on one of the counts of rape and seven years of incarceration on the other count of rape, to be served consecutively to one another. From this judgment Watkins appeals, presenting two assignments of error for our review.
 Assignment of Error I The evidence adduced at hearing on sexual predatorclassification by the state of Ohio failed to prove, by clear andconvincing evidence, that the Appellant is likely to engage inthe future in one or more sexually oriented offenses thusrendering the court's decision against the manifest weight of theevidence.
 Assignment of Error II The trial court's ordering that the sentences ofDefendant-Appellant are to be served consecutively to each otherwas unsupported by the record and was contrary to law.
 Assignment of Error I {¶ 7} In his first assignment of error, Watkins maintains that the trial court erred in finding that he was a sexual predator. He contends that such a finding was against the manifest weight of the evidence.
 {¶ 8} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Watkins admits that he pled guilty to a sexually oriented offense, but he contends that the trial court's finding that he was likely to engage in future sexually oriented offenses is against the manifest weight of the evidence.
 {¶ 9} In determining whether a defendant is a sexual predator, the trial court must consider a non-exclusive list of ten factors. R.C. 2950.09(B)(3). Trial courts are given wide discretion in deciding how much weight, if any, they give to each of the factors. State v. Thompson (2001), 92 Ohio St.3d 584, paragraph one of the syllabus; State v. Wayne, (March 14, 2002), 3rd Dist. No. 11-01-08, unreported. "Rigid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. Mckinniss, 153 Ohio App.3d 654,2003-Ohio-4239, at ¶ 7, quoting State v. Robertson,147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 20; see, also, State v. Dennis
(Sept. 7, 2000), 3rd Dist. No. 8-2000-08, unreported; State v.
Dewitt (Nov. 15, 2000), 3rd Dist. No. 14-2000-21, unreported.
 {¶ 10} After looking at all of the evidence and applying the statutory factors of R.C. 2950.09(B)(3), the court must make a determination of whether the sexual predator classification is supported by clear and convincing evidence. R.C. 2950.09(B)(4);State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is an intermediate degree of proof, it requires more than a mere preponderance of the evidence, but it is less demanding than a finding beyond a reasonable doubt.State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Crossv. Ledford (1954), 161 Ohio St. 469, 477. A reviewing appellate court must examine the entire record to determine whether the manifest weight of the evidence satisfies the clear and convincing standard. Schiebel, 55 Ohio St.3d at 74.
 {¶ 11} The question of whether manifest weight claims in sexual predator cases should be addressed under the civil standard set forth in C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, syllabus or the criminal standard enumerated in State v. Thompkins (1997), 78 Ohio St.3d 380, 387
has become an issue that has not been uniformly resolved among Ohio's appellate districts. State v. Robertson,147 Ohio App.3d 94,2002-Ohio-494, at ¶44. However, even the more stringent criminal standard requires a finding that "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed" to overturn such a determination. Thompkins,78 Ohio St.3d at 387.
 {¶ 12} In this case the trial court, after considering the presentence investigation and Watkins' psychological report, on the record explicitly went through each of the ten factors enumerated in R.C. 2950.09(B)(3). The court specifically found that the repeated nature of Watkins' offenses demonstrated a pattern of abuse, that Watkins had used force and displayed cruelty in committing the offenses, that Watkins had an extensive history of substance abuse, that the victim was nine years old or younger at the time of the offenses, that the psychological report placed him in the low to moderate recidivism range, and that Watkins lacked any genuine remorse for his crimes. The trial court then concluded that Watkins was likely to commit future sexually oriented crimes and found him to be a sexual predator.
 {¶ 13} All of the trial court's findings are clearly supported by the record. Looking at these findings, we cannot say that it clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed. Therefore, we hold that the trial court's judgment that Watkins is a sexual predator was supported by clear and convincing evidence, and we overrule his first assignment of error.
 Assignment of Error II {¶ 14} In his second assignment of error, Watkins asserts that the trial court erred in ordering his sentences to be served consecutively. He argues that the trial court failed to follow the statutory sentencing guidelines required to impose consecutive sentences.
 {¶ 15} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.12, 2929.13, and 2929.14, determine a particular sentence. State v. Martin (1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 16} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin, 136 Ohio App.3d at 361. The standard of clear and convincing evidence was described above. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v.Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 17} R.C. 2929.14(E)(4) allows a trial court to impose consecutive sentences if it finds:
that the consecutive sentence is necessary to protect thepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public, and if the court also finds any of the following:
* * *
(c) The offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender.
In determining whether consecutives sentences are warranted under this section, the trial court must consider the nonexclusive list of seriousness and recidivism factors located in R.C. 2929.12.
 {¶ 18} The trial court sub judice made on the record findings that Watkins' conduct and criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime by Watkins and that the sentences were not disproportionate to the seriousness of his offense or the danger that he poses to the public.
 {¶ 19} In finding that consecutive sentences were necessary to protect the public from future crime by Watkins, the trial court considered the required statutory factors of R.C. 2929.12
and the evidence previously discussed in our consideration of his first assignment of error. As noted above, the record supports the trial court's finding that Watkins is likely to commit future crimes.
 {¶ 20} Furthermore, in finding that the consecutive sentences were not disproportionate to the seriousness of his offense or the danger that he poses to the public, the trial court considered the mental injury Watkins had inflicted upon the victim and found that such injury was exacerbated due to her age. The court also found that Watkins had used his relationship as her stepfather to facilitate the offense. The trial court found that no mitigating factors were present. These findings by the trial court are supported by the record.
 {¶ 21} We find that the trial court considered all of the mandatory factors, stated its reason for making its findings on the record, and that the record supports these findings. Therefore, we hold that the trial court did not err in ordering Watkins' sentences to be served consecutively. Accordingly, Watkins' second assignment of error is overruled.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp and Bryant, J.J., concur.