[Cite as *State v. Ramey*, 2012-Ohio-133.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 2-11-11

      v.

CARL L. RAMEY, JR.,              O P I N I O N

      DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2011-CR-35**

**Judgment Affirmed**

**Date of Decision: January 17, 2012**

APPEARANCES:

    *Gerald F. Siesel* **for Appellant**

    *Edwin A. Pierce* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Carl L. Ramey, Jr. (hereinafter "Ramey"), appeals the Auglaize County Court of Common Pleas' judgment entry of sentence. For the reasons stated herein, we affirm.

{¶2} On February 22, 2011, the Auglaize County Grand Jury indicted Ramey on Count One of trafficking heroin in violation of R.C. 2925.03(A)(1), (C)(6)(c), a first degree felony and Count Two of trafficking cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(b), a fourth degree felony. (Doc. No. 1).

{¶3} On March 8, 2011, the trial court held an arraignment wherein Ramey entered pleas of not guilty to both counts. (Doc. No. 20).

{¶4} On April 14, 2011, a change of plea hearing was held wherein Ramey pled guilty to an amended Count One of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(d), a second degree felony. (Doc. No. 43). Count Two was dismissed pursuant to the plea agreement. (*Id.*); (Doc. No. 42). The trial court accepted Ramey's guilty plea, found Ramey guilty, and ordered a pre-sentence investigation ("PSI") report. (Doc. No. 43).

{¶5} On June 8, 2011, the trial court sentenced Ramey to 8 years imprisonment. (Doc. No. 52).

**{¶6}** On July 11, 2011, Ramey filed a notice of appeal. (Doc. No. 70).[1]

Ramey now appeals raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT'S SENTENCE OF THE DEFENDANT-APPELLANT TO A MAXIMUM SENTENCE OF EIGHT (8) YEARS WAS CONTRARY TO LAW AND FURTHER CONSTITUTED AN ABUSE OF DISCRETION IN FAILING TO PROPERLY CONSIDER AND APPLY THE FELONY SENTENCING GUIDELINES SET FORTH IN OHIO REVISED CODE, SECTION 2929.11 AND 2929.12[.]**

**{¶7}** In his sole assignment of error, Ramey argues that the trial court's sentence was contrary to law because the trial court failed to consider R.C. 2929.11 and 2929.12. Ramey further argues that the record does not support the trial court's maximum sentence of 8 years in this case.

**{¶8}** A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.[2] *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C.

---

[1] The sentencing entry was filed on June 9, 2011. (Doc. No. 52). Thirty days from June 9, 2011 was July 9, 2011; however July 9, 2011 was a Saturday, so Ramey's filing on Monday, July 11, 2011 was timely under App.R. 4(A). App.R. 14(A).

[2] This Court notes that the Ohio Supreme Court has released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Although this Court utilized our precedential clear and convincing standard, affirmed and adopted by *Kalish*'s three dissenting Justices, we would have concluded that Ramey's sentence was proper under the *Kalish* plurality's two-step approach as well.

2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C)); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835, 745 N.E.2d 1111 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400, 754 N.E.2d 1252 (2001).

{¶9} Ramey correctly asserts that a trial court must consider R.C. 2929.11 and 2929.12 when sentencing a felony offender. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. A sentence imposed without any consideration given to these statutes is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶¶ 13, 18. However, when the record is silent concerning the trial court's consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court considered them. *Id*. at ¶ 18, fn. 4, citing *State v. Adams*, 37 Ohio St.3d 295, 297-298, 525 N.E.2d 1361 (1988). Furthermore, the

trial court is not required to either discuss the factors on the record or even to state that the factors were considered on the record, so long as the record is sufficient for a court to determine that the consideration occurred. *State v. Parsons*, 3d Dist. No. 2-10-27, 2011-Ohio-168, ¶ 15, citing *State v. Ditto*, 3d Dist. No. 12-09-08, 2010-Ohio-1503, ¶ 4; *State v. Scott*, 3d Dist. No. 6-07-17, 2008-Ohio-86.

{¶10} In the case sub judice, the trial court did not state at the sentencing hearing that it had considered R.C. 2929.11 and 2929.12. However, in its judgment entry of sentence, the trial court stated:

> [t]he Court has considered the record, oral statements, any Victim Impact Statement and Pre-Sentence Report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code § 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code § 2929.12.

(Doc. No. 52). Given this statement, we find that the record sufficiently demonstrates that the trial court considered both R.C. 2929.11 and 2929.12 as required. *Parsons*, 2011-Ohio-168, ¶ 16. Furthermore, it is apparent from the sentencing hearing transcript that the trial court considered the R.C. 2929.12 factors, especially those relative to Ramey's likelihood of recidivism, his expression of remorse, and his prior drug problems. R.C. 2929.12(D)-(E). (June 8,

2011 Tr. at 23-26). Therefore, the trial court's sentencing entry is not contrary to law for failing to consider R.C. 2929.11 and 2929.12 as Ramey argues.[3]

**{¶11}** Ramey has failed to clearly and convincingly demonstrate that his sentence was unsupported by the record. *Ramos*, 2007-Ohio-767, at ¶ 23. Ramey sold a confidential informant a large amount of heroin for $2,700.00. (PSI, Court's Ex. A). Given the large quantity of heroin involved, Ramey was originally indicted on a first degree felony, but the State agreed to reduce the charge to a second degree felony in exchange for Ramey's guilty plea. (Doc. Nos. 1, 42); (Apr. 14, 2011 Tr. at 3-4). So, as originally indicted, Ramey faced a maximum of 10 years imprisonment for trafficking in heroin (Count One). R.C. 2929.14(A)(1). The State also agreed to dismiss Count Two, a fourth degree felony drug trafficking charge, in exchange for Ramey's guilty plea to an amended Count One. (Doc. No. 42); (Apr. 14, 2011 Tr. at 3-4). Count Two carried a possible prison term of 6 to 18 months. R.C. 2929.14(A)(4). Therefore, as a result of the negotiated plea agreement, Ramey already had his possible sentence reduced by at least 2 ½ years (2 years on Count One and 6 months on Count Two).

**{¶12}** In addition, Ramey recruited his sister Shante Walker, and his girlfriend, Jaquanta Harris, to facilitate his drug trafficking offense. (PSI, Court's Ex. A). Walker drove her two young children (ages 1 and 4), Ramey, and Harris

---

[3] We also note that the trial court sentenced Ramey to 8 years imprisonment, which is the maximum for a second degree felony. R.C. 2929.14(A)(2). Since the sentence falls within the statutory range, it is not contrary to law on that basis either.

from Dayton to St. Mary's so Ramey could commit the drug trafficking offense. (*Id*.). At the time of the offense, Harris was seated in the front passenger's seat, and Ramey was seated in the back seat with Walker's (his sister's) two young children. (*Id*.). Both Walker and Harris helped Ramey complete the drug sale by counting the money for him. (*Id*.). Prior to the present offense, Ramey had 2 possession of cocaine convictions, a concealed weapon conviction, and several driving violations. (*Id*.). Ramey was also in arrears on his child support for several of his children, and he had a documented drug and alcohol problem. (*Id*.).

{¶13} In light of the foregoing, we cannot conclude that Ramey's 8-year maximum sentence was *un*supported by the record, or that the record lacked a sufficient basis for the imposition of the 8-year maximum sentence.

{¶14} Ramey's sole assignment of error is, therefore, overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

**Judgment Affirmed**

**SHAW, J., concur.**

**WILLAMOWSKI, J., Concurring Separately.**

{¶16} I concur fully with the judgment of the majority; however write separately to emphasize the appropriate standards of review. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In

*Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellants must meet a clearly and convincingly contrary to law standard of review when reviewing a sentence.[4] For example, if the sentencing court imposed consecutive sentences, the standard of review would be whether appellant has shown that the sentence was clearly and convincingly contrary to law. However, if the appeal is based upon alleged improper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C. 2929.12.[5]

{¶17} In his assignment of error, Ramey alleges that the trial court erred by failing to properly consider and apply the felony sentencing guidelines set forth in R.C. 2929.11 and 2929.12. Ramey's appeal of his felony sentence challenges both the consideration of the factors in R.C. 2929.11 and 2929.12 and the application of the factors in R.C. 2929.12. As stated by the majority, Ramey has not shown by clear and convincing evidence that the trial court failed to consider the statutory factors. In addition, the trial court specifically addressed the factors set forth in R.C. 2929.12. The trial court's application of the factors was supported by some competent, credible evidence. Thus, the trial court's determinations were not an abuse of discretion. For this reason, I concur in the judgment of the majority.

---

[4] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.

[5] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.