[Cite as *State v. Toler*, 2013-Ohio-5084.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

**STATE OF OHIO,**

      **PLAINTIFF-APPELLEE,**
                                           **CASE NO. 2-13-18**

      **v.**

**MICHAEL ALLEN TOLER,**
                                           **O P I N I O N**

      **DEFENDANT-APPELLANT.**

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2012-CR-194

**Judgment Affirmed**

**Date of Decision:  November 18, 2013**

**APPEARANCES:**

      *Rob C. Wiesenmayer, II* for Appellant

      *R. Andrew Augsburger* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Michael Allen Toler, appeals the Auglaize County Court of Common Pleas' entry sentencing him to 36 months imprisonment following his guilty plea to one count of child endangering, a third-degree felony. We affirm.

{¶2} This case stems from an August 27, 2012 incident in which Toler became frustrated with his infant son and pushed his infant son's face down on a bed by placing his hands on the infant's back. (Apr. 26, 2013 Tr. at 9, 12); (Pre-Sentence Investigation ("PSI") Report); (Victim Impact Statement). The infant stopped breathing, Toler attempted to resuscitate him, and Toler and his wife rushed the infant to the hospital where hospital personnel were able to restart his heart. (*Id.*); (*Id.*); (*Id.*).

{¶3} On November 15, 2012, the Auglaize County Grand Jury indicted Toler on Count One of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; Count Two of child endangering in violation of R.C. 2919.22(A), (E)(2)(c), a third-degree felony; and, Count Three of child endangering in violation of R.C. 2919.22(B)(1), (E)(2)(d), a second-degree felony. (Doc. No. 1).

{¶4} On November 19, 2012, Toler appeared before the trial court for the purpose of setting bond. (Doc. Nos. 10, 13). The trial court released Toler on his

own recognizance. (*Id.*). The trial court also found Toler indigent and appointed an Auglaize County assistant public defender to represent him. (Doc. No. 13).

**{¶5}** On November 28, 2012, Toler entered written pleas of not guilty to the counts of the indictment. (Doc. No. 17).

**{¶6}** The trial court held pretrial hearings on January 4 and 24, 2013. (Doc. Nos. 19, 23, 24). At the conclusion of the January 24, 2013 pretrial hearing, the trial court scheduled the case for a final pretrial hearing on March 1, 2013 and a jury trial on April 24, 2013. (Doc. No. 26).

**{¶7}** On March 1, 2013, the parties filed a negotiated plea agreement, in which Toler agreed to request leave of the trial court to plead guilty to Count Two, and plaintiff-appellee, State of Ohio, agreed to ask for leave of the trial court to enter a nolle prosequi as to Counts One and Three. (Doc. No. 30). In the negotiated plea agreement, Toler acknowledged that he understood his maximum prison term for Count Two was 36 months and that he would have mandatory post-release control for three years if sentenced to imprisonment. (*Id.*).

**{¶8}** The trial court held a change-of-plea hearing on March 1, 2013. (Mar. 1, 2013 Tr. at 3). (*See also* Doc. No. 31). At that hearing, Toler requested leave to withdraw his plea of not guilty to Count Two, which the trial court granted. (Mar. 1, 2013 Tr. at 16); (Doc. No. 31). Toler then entered a plea of guilty to Count Two, and the trial court found Toler guilty on Count Two. (*Id.* at

16, 18); (*Id.*). The State requested leave to enter a nolle prosequi as to Counts One and Three, which the trial court granted. (*Id.* at 3); (*Id.*). The trial court dismissed Counts One and Three upon completion of sentencing. (*Id.* at 18); (*Id.*). The trial court set the case for a sentencing hearing on April 26, 2013. (Doc. No. 33). The trial court ordered the completion of a PSI report and a victim impact statement before sentencing. (Mar. 1, 2013 Tr. at 18); (Doc. Nos. 31, 34).

{¶9} On April 26, 2013, the trial court held the sentencing hearing. (Apr. 26, 2013 Tr. at 3); (Doc. No. 36). At that hearing, Toler and his counsel requested a sentence of community control rather than imprisonment and offered their reasons for the requested mitigated sentence. (Apr. 26, 2013 Tr. at 4-20).

{¶10} After hearing Toler and his counsel, the trial court sentenced Toler to 36 months imprisonment. (*Id.* at 20). The afternoon of the day of the sentencing hearing, the trial court filed its "Journal Entry – Orders on Sentence." (Doc. No. 36).

{¶11} On May 24, 2013, Toler filed a notice of appeal. (Doc. No. 50). He raises one assignment of error for our review.

### Assignment of Error

**The trial court's sentence of appellant to a maximum sentence of thirty six months was contrary to law and further constituted an abuse of discretion by failing to properly consider and apply the sentencing guidelines set forth in Ohio Revised Code, Section 2929.11 and 2929.12.**

{¶12} In his assignment of error, Toler argues that the trial court failed to properly consider and apply the purposes and principles for felony sentencing set forth in R.C. 2929.11 and the factors relating to the seriousness of the offense and the recidivism of the offender under R.C. 2929.12.

{¶13} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R .C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶14} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial

court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶15} A trial court must consider R.C. 2929.11 and 2929.12 when sentencing an offender. *State v. Pence*, 3d Dist. Auglaize No. 2-11-18, 2012-Ohio-1794, ¶ 9. R.C. 2929.11 instructs sentencing courts to consider factors aimed at advancing the "overriding purposes of felony sentencing," which "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *See State v. Fletcher*, 3d Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 15, citing R.C. 2929.11(A). R.C. 2929.12 requires the sentencing court to consider factors that indicate the offender's conduct is more or less serious than conduct that normally constitutes the offense and factors that indicate the offender is likely or not likely to commit future offenses. *State v. Billeg*, 3d Dist. Wyandot No. 16-12-03, 2013-Ohio-219, ¶ 22, citing R.C. 2929.12(A).

{¶16} Although it is required to consider R.C. 2929.11 and 2929.12, the trial court is not required to use specific language regarding its consideration of those statutes. *State v. Smith*, 3d Dist. Auglaize No. 2-06-37, 2007-Ohio-3129, ¶

26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38; *Fletcher*, 2013-Ohio-3076, at ¶ 22, citing *State v. Patrick*, 10th Dist. Franklin No. 10AP-26, 2011-Ohio-1592, ¶ 25-26. *See also State v. Arnett*, 88 Ohio St.3d 208, 215 (2000) and *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 25.

**{¶17}** Here, a review of the record indicates that the trial court considered both R.C. 2929.11 and 2929.12 in sentencing Toler. At the sentencing hearing, the trial court heard Toler and his counsel's statements concerning why they believed the trial court should sentence Toler to community control and not imprisonment. (*See* Apr. 26, 2013 Tr. at 4-20). The trial court asked Toler how he committed the offense and about his attempts to minimize his actions, as noted in the PSI report. (*See id.* at 8-20). The trial court pointed out that Toler nearly killed his son, and that Toler failed to "follow[ ] through with the opportunities that he was given to rehabilitate himself in the months following" the offense, which the trial court said "did not speak well of his ability to be rehabilitated in a shorter period of time or without incarceration." (*Id.* at 22).

**{¶18}** The trial court sentenced Toler to 36 months imprisonment. (*Id.* at 20). When sentencing Toler, the trial court stated on the record that it considered "the information provided to the Court by the parties, the [PSI], and * * * the purposes and principles of sentencing, pursuant to Section 2929.11 of the Revised Code, and * * * the statutes in Chapter 2929 of the Revised Code * * *." (Apr. 26,

2013 Tr. at 20). In its "Journal Entry – Orders on Sentence," the trial court stated that it "considered the record, oral statements, any Victim Impact Statement and Pre-Sentence Report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code §2929.12." (Doc. No. 36). Therefore, the trial court satisfied its obligation to consider R.C. 2929.11 and 2929.12 when sentencing Toler. *Fletcher*, 2013-Ohio-3076, at ¶ 22, quoting *Patrick*, 2011-Ohio-1592, at ¶ 25 ("A trial court's rote recitation that it has considered applicable factors satisfies the court's duty to follow the relevant statutes in sentencing an offender.").

{¶19} Finally, we note that Toler does not argue that his sentence falls outside of the range permitted by the Revised Code, and we conclude that the sentence was, in fact, within the permissible range for a felony of the third degree under R.C. 2929.14. Therefore, we cannot find that his sentence was contrary to law. Accordingly, Toler's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/hlo**