[Cite as *State v. Dunlap*, 2013-Ohio-5083.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  2-13-15

      v.

KYLE E. DUNLAP,                  O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  2-13-16

      v.

KYLE E. DUNLAP,                  O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeals from Auglaize County Common Pleas Court
Trial Court Nos. 2011-CR-66 and 2013-CR-35**

**Judgment Affirmed in Case No. 2-13-16 and
Appeal Dismissed in Case No. 2-13-15**

**Date of Decision:  November 18, 2013**

---

APPEARANCES:

    *Gerald F. Siesel* **for Appellant**

    *Edwin A. Pierce*  **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Kyle E. Dunlap, appeals the judgments of the Court of Common Pleas of Auglaize County sentencing him to consecutive 12-month prison terms for his convictions on escape and violating judicial release. On appeal, Dunlap argues that the trial court erred by imposing a 12-month term for his escape conviction. For the reasons that follow, we affirm the trial court's judgment.

{¶2} Since this matter implicates two separate prosecutions, 2011 CR 0066 and 2013 CR 0035, we address the procedural history of each on its own.

*2011 CR 0066*

{¶3} In 2011 CR 0066, the Auglaize County Grand Jury indicted Dunlap on April 28, 2011 with one count of breaking and entering in violation of R.C. 2911.13(B), a felony of the fifth degree, and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Pursuant to a plea agreement, the State dismissed the theft count and Dunlap pleaded guilty to the breaking and entering count. On July 26, 2011, the trial court sentenced Dunlap to five years of community control and was ordered to pay restitution.

{¶4} On March 27, 2011, the State moved to revoke Dunlap's community control. Dunlap admitted to violating the terms of his community control by using marijuana and associating with a known drug user. The trial court subsequently sentenced Dunlap to a 12-month prison term with 146 days of local jail time

credit. The trial court also re-imposed the restitution order. On July 29, 2012, the trial court granted Dunlap's request for judicial release and again imposed five years of supervision.

{¶5} On February 20, 2013, the State moved to revoke Dunlap's judicial release. The State alleged that Dunlap violated his judicial release by using marijuana, failing to report to his probation officer during scheduled meetings, not making required restitution payments, and failing to notify his probation officer about changes in his residence. Dunlap admitted to violating the conditions of his judicial release and, on April 24, 2013, the trial court sentenced him to 12 months of prison with 215 days of local jail time credit. The trial court also re-imposed the order of restitution.

*2013 CR 0035*

{¶6} In 2013 CR 0035, the Auglaize County Grand Jury indicted Dunlap on February 21, 2013 with one count of escape in violation of R.C. 2921.34(A)(3), (C)(3), a felony of the fifth degree. The indictment arose as a consequence of his violations of judicial release in 2011 CR 0066.

{¶7} On April 24, 2013, the trial court conducted a change of plea and sentencing hearing. Pursuant to a plea agreement, Dunlap pleaded guilty to the judicial release violation, as discussed above, as well as to the escape count. Subsequently, the State recommended a sentence of 12 months with jail credit for the judicial release violation and community control for the escape count.

**{¶8}** At the hearing, Dunlap offered evidence in mitigation of his sentence. He indicated he would live in the substance-free residence of his grandmother upon his return from prison. Dunlap also said that he had experience in construction and would look for employment in that sector. During the hearing, Dunlap addressed his use of marijuana:

Q: * * * Do you have an alcohol or drug problem?

A: No.

* * *

Q: * * * Weed is a drug. Do you have a drug problem?

A: Well, yes.

Q: So then do you need counseling to deal with that?

A: Yeah, it would help.

Tr., p. 19. When asked how he afforded marijuana, Dunlap stated that he was paid "under the table" for his construction work. This led to the following exchange with the trial court:

The Court: So you're a tax cheat in addition to a felon?

Dunlap: Yes, I guess.

*Id.* The trial court also received a pre-sentence investigation report[1] of Dunlap's background. It showed a significant history of criminal activity, including not

---

[1] The parties acknowledge that the PSI was the same one that had been originally prepared for case number 2011 CR 0066.

only the convictions discussed above but also vandalism, possession of marijuana, and obstruction of official business convictions and charges.

**{¶9}** On April 24, 2013, the trial court issued a judgment entry journalizing Dunlap's escape conviction and resulting sentence. Based on its consideration of the record, including the PSI, "the principles and purposes of sentencing under Ohio Revised Code §2929.11," and "the seriousness and recidivism factors under Ohio Revised Code §2929.12," the trial court imposed a prison term of 12 months. (2013 CR 035 Docket No. 25, p. 2). The trial court also ordered that the sentence run consecutively to the sentence in 2011 CR 0066.

**{¶10}** Dunlap timely appealed these judgments, presenting the following assignment of error for our review.

### *Assignment of Error*

**THE TRIAL COURT'S SENTENCE OF APPELLANT TO A MAXIMUM SENTENCE OF TWELVE (12) MONTHS CONSECUTIVE TO A REIMPOSED COMMUNITY CONTROL[2] [SIC] VIOLATION SENTENCE OF TWELVE (12) MONTHS WAS CONTRARY TO LAW AND FURTHER**

---

[2] We note that the parties have incorrectly referred to a violation of community control; however, it is clear that Dunlap was on judicial release. This court has previously stated that " 'the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term 'community control' in reference to the status of an offender when granted early judicial release.' " *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 6. Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control, *id.*, citing *State v. McConnell*, 143 Ohio App.3d 219, 2001-Ohio-2129 (3d Dist.), citing *State v. Gardner*, 3d Dist. Union No. 14-99-24, 1999-Ohio-938; whereas, when a defendant is granted judicial release under R.C. 2929.20, he " 'has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction.' " *Alexander*, 2008-Ohio-1485, at ¶ 7, quoting *Mann*, 2004-Ohio-4703, at ¶ 8, citing R.C. 2929.20(I).

**CONSTITUTED AN ABUSE OF DISCRETION BY FAILING TO PROPERLY CONSIDER AND APPLY THE SENTENCING GUIDELINES SET FORTH IN OHIO REVISED CODE, SECTION 2929.11 AND 2929.12**

{¶11} In his sole assignment of error, Dunlap argues that the trial court erred in applying the sentencing principles listed in Section 2929.11 and 2929.12 when imposing a 12-month prison term for his escape conviction. We disagree.

{¶12} Before proceeding to the merits of Dunlap's assignment of error, we must address the proper scope of his argument. The language of the assignment itself seems to suggest that Dunlap is challenging not only the imposition of a 12-month prison term for the escape conviction, but also the trial court's imposition of consecutive sentences. However, Dunlap's appellate brief focuses exclusively on the sentencing factors contained in R.C. 2929.11 and 2929.12 without discussing R.C. 2929.14(C)'s factors relating to the imposition of consecutive sentences. Such a failure is violative of App.R. 16(A)(7), which requires an appellant to provide "[a]n argument containing the contentions of the appellant * * * and the reasons in support of the contentions, with citations to the * * * parts of the record on which appellant relies." Although App.R. 12(A)(2) gives us the authority to disregard this deficient assignment of error, we have decided to address its merits in the interests of justice. *See State v. Galbraith*, 3d Dist. Marion No. 9-11-61, 2012-Ohio-5231, ¶ 15.

{¶13} A reviewing court must conduct a meaningful review of the trial court's imposed sentence. *State v. Daughenbaugh*, 3d Dist. Wyandot No. 16-07-07, 2007-Ohio-5774, ¶ 8. Such review allows the court to "modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record did not support the sentence or that the sentence is otherwise contrary to law." *Id.* Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court should not, however, substitute its own judgment for that of the trial court because the trial court is "clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims." *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16.

*Maximum Sentence*

{¶14} R.C. Chapter 2929 governs sentencing. R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Meanwhile, R.C. 2929.11(B) states that felony

sentences must be "commensurate with and not [be] demeaning to the seriousness of the offender's conduct and its impact upon the victim" and also be consistent with sentences imposed in similar cases. In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). However, the trial court is not required to make specific findings of its consideration of the factors. *State v. Kincade*, 3d Dist. Wyandot No. 16-09-20, 2010-Ohio-1497, ¶ 8.

{¶15} Here, the trial court stated that it considered the required statutory factors before imposing the prison term for Dunlap's escape conviction in 2013 CR 0035. Based on its consideration of these factors, the trial court found that a 12-month prison term was appropriate. After reviewing the record, we cannot find that the trial court erred in imposing this sentence. While the record does not disclose that Dunlap's offense was more serious than others, it does reveal that Dunlap is at a high risk of recidivism. Specifically, Dunlap committed the escape offense while he was subject to judicial release, R.C. 2929.12(D)(1), he has a history of criminal convictions, R.C. 2929.12(D)(2), he has failed to conform his conduct to the law despite previous community control sanctions, R.C. 2929.12(D)(3), and he has failed to adequately seek treatment for his pattern of drug use, R.C. 2929.12(D)(4). In light of this extensive evidence suggesting the

likelihood of Dunlap's recidivism, we find no error in the trial court's imposition of a 12-month prison term for his escape conviction.

*Consecutive Sentence*

{¶16} The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings on the record, as set forth in R.C. 2929.14(C)(4), when imposing consecutive sentences. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find that (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors set forth in R.C. 2929.14(C)(4)(a, b, or c) applies. *Id*. R.C. 2929.14(C)(4)(c) states, "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender."

{¶17} Here, the trial court found consecutive sentences were "necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public and * * * [Dunlap's] history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender." Tr., p. 24. Thus, the trial court made the appropriate findings as required under R.C. 2929.14(C)(4).

{¶18} Accordingly, we overrule Dunlap's sole assignment of error.

{¶19} As to Appeal No. 2-13-15, Dunlap's appeal from 2011 CR 0066, Dunlap has failed to argue in his brief, or in an assignment of error, how the trial court erred. Dunlap's arguments focus exclusively on his sentence for 2013 CR 0035. We therefore dismiss Case No. 2-13-15 for failure to prosecute. Loc.R. 15(D).

{¶20} Having found no error prejudicial to Dunlap in the particulars assigned and argued in Appeal No. 2-13-16, we affirm trial court's judgment and Appeal No. 2-13-15 is dismissed.

*Appeal No. 2-13-16 Judgment Affirmed,*
*Appeal No. 2-13-15 Appeal Dismissed*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**