[Cite as *State v. Magallanes*, 2014-Ohio-4878.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 12-14-02

      v.

VICTOR R. MAGALLANES,               O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Putnam County Common Pleas Court
Trial Court No. 2013 CR 69

Judgment Reversed and Cause Remanded

Date of Decision: November 3, 2014


APPEARANCES:

    *Gregory J. Hermiller* **for Appellant**

    *Todd C. Schroeder* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Victor R. Magallanes ("Magallanes"), appeals the March 31, 2014 judgment entry of sentence of the Putnam County Court of Common Pleas. For the reasons that follow, we reverse the judgment of the trial court and remand for resentencing.

{¶2} On December 18, 2013, the Putnam County Grand Jury indicted Magallanes on Counts One and Two of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), fifth-degree felonies. (Doc. No. 1).

{¶3} On January 2, 2014, Magallanes appeared for arraignment and entered pleas of not guilty. (Doc. No. 20).

{¶4} On February 11, 2014, Magallanes withdrew his pleas of not guilty and entered a plea of guilty to Count One pursuant to a written plea agreement. (Doc. No. 35); (Feb. 11, 2014 Tr. at 2). In exchange for his change of plea, the State agreed to dismiss Count Two and remain silent at sentencing. (*Id.*); (*Id.*). The trial court accepted Magallanes guilty plea, found him guilty, and ordered a presentence investigation ("PSI"). (Feb. 11, 2014 Tr. at 10).

{¶5} On March 27, 2014, the trial court sentenced Magallanes to 12 months in prison. (Mar. 27, 2014 Tr. at 4). The trial court further ordered that Magallanes serve the 12-month term of imprisonment in the Putnam County case consecutive to the 12-month term of imprisonment in his Wood County, Ohio case—a case

-2-

stemming from a receiving-stolen-property offense that Magallanes committed in that county. (*Id.* at 4-5); (Doc. No. 33).

{¶6} On March 31, 2014, the trial court filed its judgment entry of sentence. (Mar. 31, 2014 JE, Doc. No. 48).

{¶7} On April 23, 2014, Magallanes filed his notice of appeal. (Doc. No. 60). He raises three assignment of error for our review. We elect to address Magallanes's second assignment of error first.

### Assignment of Error No. II

**The trial court failed to make the necessary findings under Section 2929.14(C) of the Ohio Revised Code for the imposition of consecutice [sic] sentences in the appellant's case.**

{¶8} In his second assignment of error, Magallanes argues that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences. We agree.

{¶9} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed

under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶10} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶11} "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison
> terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶13} The trial court must state the required findings at the sentencing hearing and incorporate the statutory findings into the sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. "'However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.'" *Id.*

{¶14} We cannot discern from the record that the trial court made the three statutorily required findings. At the sentencing hearing, the trial court stated:

> At this time, the Court is making certain findings. First of all, that
> the defendant's presently serving a prison term and that the offense
> here was committed while the offender was under a community

-6-

control sanction. The Court is also determining that in weighing the seriousness of recidivism factors, that prison is consistent with the principles of the revised code and the offender is not amenable to an available community control sanction. As a result, the Court is imposing a period of 12 months at the Ohio Department of Correction and Rehabilitation. The Court is imposing the sentence as a consecutive sentence. * * * The Court is also making a finding that the defendant's record indicates that the recidivism, that the defendant is likely to be a repeat offender.

(Mar. 27, 2014 Tr. at 4-5). In its sentencing entry, the trial court stated:

The Court finds that the Defendant is currently serving another prison term. The Court further finds that a prison term is consistent with the principles and purposes of sentencing, and that the Defendant is not amenable to community control sanctions. The Court further finds the Defendant's criminal record demonstrates he is likely to be a repeated offender. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant shall be sentenced to twelve (12) months at the Ohio Department of Rehabilitation and Correction. The Defendant's sentence shall run consecutive to the Defendant's sentence in Wood County.

(Mar. 31, 2014 JE, Doc. No. 48).

{¶15} The trial court made one of the three necessary findings under R.C. 2929.14(C)(4)—that is, the trial court found that Magallanes committed the trafficking in cocaine offense while he was under a community control sanction. *See* R.C. 2929.14(C)(4)(a). However, it is not apparent that the trial court found that consecutive sentences were necessary to protect the public or punish the offender or that the sentences were not disproportionate to the offense committed. As a result, the trial court did not make all of the statutory findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences or incorporate the necessary findings into its sentencing entry. *See Sharp*, 2014-Ohio-4140, at ¶ 51-52; *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 36.

{¶16} Accordingly, we sustain Magallanes's second assignment of error.

### Assignment of Error No. I

**The trial court failed to make necessary findings under Section 2929.11, Section 2929.12, Section 2929.13 and Section 2929.14 of the Ohio Revised Code for the imposition of a maximum prison sentence in the appellant's case.**

{¶17} In his first assignment of error, Magallanes argues that the trial court failed to make the necessary findings under R.C. 2929.11, 2929.12, 2929.13, and 2929.14 before imposing a maximum prison sentence. Specifically, Magallanes argues that the trial court failed to make sufficient findings under R.C. 2929.13 prior to imposing a maximum prison sentence and that the record did not support a

maximum prison sentence. Magallanes argues that he should have instead been sentenced to a community-control sanction under R.C. 2929.13(B)(1)(a).

{¶18} Before we address the merits of Magallanes's first assignment of error, we note that his first assignment of error is rendered moot because we are reversing the trial court's judgment and remanding this case for resentencing. *See State v. Fuller*, 3d Dist. Henry No. 7-13-06, 2013-Ohio-5661, ¶ 28, citing App.R. 12(A)(1)(c). However, in the interests of justice, we elect to address the merits of Magallanes's first assignment of error. *State v. Richardson*, 94 Ohio App.3d 501, 510 (1st Dist.1994), *abrogated on other grounds by Dayton v. Erickson*, 76 Ohio St.3d 3, 11 (1996).

{¶19} As we noted above, for a defendant's sentence to be disturbed on appeal, the defendant must show by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed; there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *Ramos*, 2007-Ohio-767, at ¶ 23.

{¶20} Magallanes argues that the trial court failed to make the necessary findings under R.C. 2929.11 and 2929.12 prior to imposing a maximum sentence. However, Magallanes's brief provides no argument relative to how the trial court failed to make the necessary findings under R.C. 2929.11 or 2929.12 prior to imposing the maximum sentence. App.R. 12(A)(2) provides us the authority to

disregard Magallanes's argument; however, in the interests of justice, we will address it. *See State v. Lasenby*, 3d Dist. Allen No. 1-13-36, 2014-Ohio-1878, ¶ 38, citing *State v. Dunlap*, 3d Dist. Auglaize Nos. 12-13-15 and 2-13-16, 2013-Ohio-5083, ¶ 12. *See also* App.R. 12(A)(2); App.R. 16(A)(7).

**{¶21}** Magallanes's sentence is not contrary to law. When sentencing an offender, the trial court must consider the overall purposes of sentencing under R.C. 2929.11 and the factors relating to the seriousness of the offense and recidivism of the offender under 2929.12. *State v. Smith*, 3d Dist. Auglaize No. 2-06-37, 2007-Ohio-3129, ¶ 26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38; *State v. Pence*, 3d Dist. Auglaize No. 2-11-18, 2012-Ohio-1794, ¶ 9. Although it is required to consider R.C. 2929.11 and 2929.12, the trial court is not required to use specific language regarding its consideration of those statutes. *Smith* at ¶ 26; *State v. Fletcher*, 3d Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 22, citing *State v. Patrick*, 10th Dist. Franklin No. 10AP-26, 2011-Ohio-1592, ¶ 25-26. *See also State v. Arnett*, 88 Ohio St.3d 208, 215 (2000) and *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 25.

**{¶22}** A review of the record indicates that the trial court considered R.C. 2929.11 and R.C. 2929.12 in sentencing Magallanes. Prior to sentencing Magallanes, the trial court stated it weighed the sentencing factors concerning

seriousness and recidivism and stated that its sentence was consistent with the principles of the Revised Code. (Mar. 27, 2014 Tr. at 4). Likewise, the trial court incorporated its statements into its sentencing entry by noting that it considered the principles and purposes of sentencing under R.C. 2929.11 and 2929.12. (Mar. 31, 2014 JE, Doc. No. 48). More specifically, the trial court found that Magallanes has "been in and out of court on either additional charge[s] or a probation or supervision violation * * *." (Mar. 27, 2014 Tr. at 3). Based on Magallanes's criminal record, the trial court concluded that Magallanes is likely to be a repeat offender and not amenable to a community-control sanction since he committed the underlying offense while serving a community-control sanction. (*Id.* at 4-5). Accordingly, we find that the record sufficiently demonstrates that the trial court considered both R.C. 2929.11 and R.C. 2929.12 as required. *State v. Parsons*, 3d Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 16.

{¶23} The trial court sentenced Magallanes to a 12-month prison term after finding him guilty of committing a fifth-degree felony. (Mar. 31, 2014 JE, Doc. No. 48). R.C. 2929.14(A)(5) provides that "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." Magallanes's sentence was within the statutory range. Therefore, Magallanes's sentence was not contrary to law. *See State v. Toler*, 3d Dist. Auglaize No. 2-13-18, 2013-Ohio-5084, ¶ 19.

{¶24} Nevertheless, Magallanes argues that the trial court erred in imposing the maximum sentence because it failed to make the necessary findings under R.C. 2929.13 before imposing his sentence. Specifically, Magallanes argues that R.C. 2929.13(B)(1)(a) required the trial court to sentence him to a community-control sanction as opposed to a prison term. R.C. 2929.13(B)(1)(a) states:

> *Except as provided in division (B)(1)(b)* of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if *all* of the following apply:
>
> (i)   The offender previously has *not* been convicted of or pleaded guilty to a felony offense.
>
> (ii)  The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(Emphasis added.) R.C. 2929.13(B)(1)(a).

Magallanes's argument is erroneous for two reasons. First, Magallanes failed to acknowledge the effect of the "except as provided in division (B)(1)(b)" language of R.C. 2929.13(B)(1)(a). R.C. 2929.13(B)(1)(b) provides, in relevant part:

The court has *discretion* to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

* * *

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

(Emphasis added.) R.C. 2929.13(B)(1)(b). Because Magallanes committed the trafficking-in-cocaine offense in this case while he was under a community-control sanction, it was within the trial's discretion to sentence Magallanes to a term of imprisonment.

{¶25} Second, Magallanes argument is erroneous because R.C. 2929.13(B)(1)(a) mandates that the trial court impose a community-control sanction if the offender has not previously been convicted or pleaded guilty to a felony offense. R.C. 2929.13(B)(1)(a)(i). Because Magallanes previously pleaded guilty to a felony offense, the trial court was not required to sentence him to a community-control sanction. (*See* PSI). Therefore, the trial court did not err in sentencing Magallanes to a prison sentence.

**{¶26}** Having determined that there was a sufficient basis for the trial court to impose a prison term, we turn next to Magallanes's argument that his sentence was unsupported by the record. Magallanes failed to clearly and convincingly demonstrate that his sentence was not supported by the record. *Ramos*, 2007-Ohio-767, at ¶23.

**{¶27}** The trial court noted that, in addition to the current charge, Magallanes has been in and out of court on either additional charges or probation or supervision violations approximately 20 times since 1998. (Mar. 27, 2014 Tr. at 3-4); (PSI). Likewise, Magallanes committed the instant offense while under a community-control sanction in a Wood County case and had charges pending against him in Henry County at the time of sentencing in this case. (*Id.* at 2, 4); (*Id.*). More specifically, in the Wood County case, Magallanes pleaded guilty to receiving stolen property, a fifth-degree felony, and was sentenced to three years of community control. (PSI). The record reflects that Magallanes was charged with approximately six probation and community-control violations during the time he was on community control. (*See id.*). As a result of his numerous probation and community-control violations, Magallanes was sentenced to 12-months imprisonment in the Wood County case. (*Id.*). In the Henry County case, Magallanes was charged with failure to comply and theft, both first-degree misdemeanors, stemming from stealing ten cases of beer and leading law

enforcement officers on a pursuit in which he failed to stop for posted stop signs and reached speeds higher than the posted speed limit. (*Id.*). Magallanes was also in arrears on his child support for his children as well as his court costs and fines, and he had a documented drug and alcohol problem. (*Id.*). *See also State v. Ramey*, 3d Dist. Auglaize No. 2-11-11, 2012-Ohio-133, ¶ 12.

**{¶28}** In light of the foregoing, we cannot conclude that Magallanes's 12-month maximum sentence was unsupported by the record. *Ramey* at ¶ 13.

**{¶29}** Magallanes's first assignment of error is, therefore, overruled.

### Assignment of Error No. III

**The appellant was denied his constitutional right to effective assistance of counsel when the appellant's trial counsel failed to advocate and protect appellant's rights upon sentencing.**

**{¶30}** In his third assignment of error, Magallanes argues that he was deprived the effective assistance of trial counsel. In particular, Magallanes argues that his trial counsel failed to offer any factual basis or legal support for his argument at the sentencing hearing that Magallanes should be sentenced only to concurrent prison terms.

**{¶31}** In light of our decision to reverse the judgment of the trial court and remand for resentencing, Magallanes's third assignment of error is rendered moot, and we decline to address it. *See State v. Panning*, 3d Dist. Van Wert No. 15-13-07, 2014-Ohio-1880, ¶ 18, citing App.R. 12(A)(1)(c).

{¶32} We find no error prejudicial to the appellant herein in the particulars assigned and argued in appellant's first assignment of error. However, having found error prejudicial to the appellant herein in the particulars assigned and argued in appellant's second assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

***Judgment Reversed and***
***Cause Remanded***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**
**/jlr**